(54 Misc. Rep. 8)

### PEOPLE ex rel. JACQUES v. SHERIFF OF KINGS COUNTY.

(Supreme Court, Special Term, Kings County. April, 1907.)

INFANTS—THEATERS—ADMITTING MINORS—CRIMINAL RESPONSIBILITY.

A mere ticket taker at a theater is not within Pen. Code, § 290, pro-viding for the punishment of any person who admits to any theater, museum, or skating rink, or any place where wines or liquors are kept, any child under the age of 16 years, unless accompanied by its parent or guardian.

Application by the people, on the relation of John Jacques, for writ of habeas corpus and certiorari to the sheriff of Kings county. Relator discharged.

The relator, who is a ticket taker at a local theater, was arrested and charged with the violation of section 290 of the Penal Code. He was ar-raigned before a city magistrate, and at the conclusion of the examination was held to answer for trial to the Court of Special Sessions. Thereafter, on the return to the writs of habeas corpus and certiorari, the relator asked for his discharge, claiming that section 290 of the Penal Code had no applica-tion to his case. On the argument the district attorney contended that, under section 29 of the Penal Code, the relator was an accessory, and therefore liable as a principal.

Meier Steinbrink, for relator.

Peter P. Smith, Asst. Dist. Atty., for respondent.

THOMAS, J. The relator is a mere ticket taker. He is not shown to have any duty that would bring him into any class named in the statute, nor is he shown to have done any act that would bring him under the statute by virtue of section 29 of the Penal Code. It is one of the first rules of interpretation of penal statutes that the persons or class of persons included therein should not be enlarged by construc-tion. The relator should be, and is, discharged.

Relator discharged.